**Sunil BHANDARI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76962.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Viney Gupta, Orange, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Sunil Bhandari petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), we deny the petition for review.

The BIA did not abuse its discretion in denying Bhandari's motion to reopen as untimely because he filed it nearly 2 years after the BIA's final order of removal and failed to demonstrate that he qualified for any exceptions to the ninety-day time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal). Bhandari failed to present new and material evidence of changed country conditions in India, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (no time limit on motion to reopen for asylum based on changed country conditions), and did not show that he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**PETITION FOR REVIEW DENIED.**